## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 10 2016, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Corey L. Scott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chandler Turner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 10, 2016

Court of Appeals Case No.
49A02-1602-CR-229

Appeal from the Marion Superior Court

The Honorable Jose Salinas, Judge

Trial Court Cause No.
49G14-1506-F6-22475

**Vaidik, Chief Judge.**

# Case Summary

[1] Chandler Turner appeals his convictions for possession of cocaine and marijuana, contending that the police violated his rights under the federal and state constitutions when they seized the drugs and that the trial court therefore should have kept the State from using the drugs as evidence at trial. Finding no error, we affirm.

# Facts and Procedural History

[2] In June 2015, a detective told Indianapolis Metropolitan Police Officer Cathy Faulk that an African-American male named "Chan" or "Chandler" was dealing drugs out of a black Toyota on the 3000 block of Roberta Drive in Indianapolis. Officer Faulk patrolled the block in the following days and saw an African-American male in a black Toyota Corolla. She did not observe any drug activity, but one morning she decided to confront him. She drove by the Toyota, parked her own car down the block, and walked toward the man, who by then had gotten out of the Toyota and was standing on a nearby sidewalk. Officer Faulk spoke to the man, asked for and received his ID, confirmed that his name was Chandler Turner, and learned that he was on house arrest for a drug charge and that he was not near his home or his place of work. She then asked Turner if she could pat him down, and he consented. Officer Faulk did not find any contraband on Turner, but she nonetheless handcuffed him because she "didn't feel like running after him if he decide[d] to run." Tr. p. 125.

[3] Once she had Turner in cuffs, Officer Faulk walked over to the Toyota. She looked through the window of the driver's door and in the cargo pocket of that door saw "a white lid on a container that had two burn marks on top of the lid." *Id.* at 120. Based on her experience with similar items—she later testified that she had seen "[m]ore than a hundred," *id.* at 121—Officer Faulk believed that the lid had been used to smoke illegal drugs. As such, she opened the door, grabbed the container, and removed the lid. Inside she found baggies of cocaine and marijuana.

[4] The State charged Turner with possession of cocaine as a Level 6 felony and possession of marijuana as a Class A misdemeanor. Before trial, Turner filed a motion to suppress the drugs, claiming that Officer Faulk violated his rights under both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. The trial court held an evidentiary hearing at which it heard testimony from Officer Faulk and others, then denied the motion. When the State sought to introduce the drugs into evidence at the bench trial a few months later, Turner again objected. The trial court overruled the objection and eventually found Turner guilty as charged.

[5] Turner now appeals.

# Discussion and Decision

[6] On appeal, Turner renews the Fourth Amendment and Article 1, Section 11 arguments he made to the trial court. When a defendant challenges a trial

court's ruling on such constitutional claims, we review the matter de novo. *Garcia v. State*, 47 N.E.3d 1196, 1199 (Ind. 2016).

# I. Fourth Amendment

Turner first contends that Officer Faulk violated his rights under the Fourth Amendment when she confronted him, patted him down, and handcuffed him and that the trial court should have applied the exclusionary rule to bar the admission of the drugs into evidence. The exclusionary rule is "a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231-32 (2011).

The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" The State concedes that Officer Faulk violated this provision when she handcuffed Turner, since she had no "objective justification" for doing so. Appellee's Br. p. 28, 32. It argues, however, that Officer Faulk's discovery and seizure of the drugs was independent of and not tainted by that violation and that application of the exclusionary rule would therefore be inappropriate. We agree.

As the State notes, the United States Supreme Court has held that "whether the exclusionary sanction is appropriately imposed in a particular case is an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct." *Hudson v.*

*Michigan*, 547 U.S. 586, 591-92 (2006). The exclusionary rule is implicated only if the challenged evidence was obtained as a result of the Fourth Amendment violation, that is, if the evidence would not have been obtained "but for" the violation. *Id*. at 592. Here, it cannot be said that Officer Faulk would not have discovered and seized the drugs "but for" her illegal conduct. Handcuffing Turner did not lead Officer Faulk to the drugs. She could have just as easily looked through the window of the Toyota before she handcuffed Turner—in fact, before she talked to him or even approached him. In other words, the fact that Officer Faulk found the drugs *while* Turner was handcuffed does not mean that she found the drugs *because* he was handcuffed. The trial court did not err by refusing to exclude the drugs based on Officer Faulk's illegal detention of Turner.

[10] That is not the end of our inquiry, however. Apart from Officer Faulk's handcuffing of Turner, exclusion of the drugs might be appropriate if her subsequent conduct—looking into the Toyota, opening the door, picking up the container, and removing the lid—separately violated the Fourth Amendment. Generally, police must have a warrant to conduct a search or seizure. *See*, *e.g.*, *Clark v. State*, 994 N.E.2d 252, 260 (Ind. 2013). Here, the police did not have a warrant to enter the car and seize the container. Therefore, we will find a Fourth Amendment violation unless the State can establish that an exception to the warrant requirement applies. *See id*.

[11] The State asserts that the container was in open view, that the burn marks on the lid gave Officer Faulk probable cause to believe that the container was drug

paraphernalia, and that this probable cause triggered the "automobile exception" to the warrant requirement. *See*, *e.g., Thurman v. State*, 602 N.E.2d 548, 554 n.11 (Ind. Ct. App. 1992) (explaining that automobile exception allows warrantless seizure of contraband discovered in open view), *trans. denied*. Turner does not dispute that the container was in open view or that the automobile exception would apply if the criminal character of the container was apparent. Rather, he contends that the burn marks on the lid did not give rise to probable cause that the container had been used to consume illegal drugs. We disagree.

[12] For purposes of the Fourth Amendment, probable cause exists when the facts available to the police officer "would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present." *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013). Officer Faulk testified that she had seen "more than a hundred" items like the container, Tr. p. 121, and that, given her training and experience, the two burn marks made it "immediately apparent" to her that the container had been used to ingest narcotics (one mark being an "inhalation point," the other an "exhalation point"), *id*. at 41, 127. This testimony was more than sufficient to support a finding of probable cause to believe that the container was drug paraphernalia.

[13] Turner has failed to persuade us that the trial court erred by rejecting his Fourth Amendment claim.

# II. Article 1, Section 11

Turner also argues that even if the Fourth Amendment does not bar the admission of the drugs, Article 1, Section 11 of the Indiana Constitution does. Like the Fourth Amendment, Article 1, Section 11 provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated[.]" Turner correctly notes that notwithstanding the textual similarity between the two provisions, the Indiana Supreme Court has established an independent analysis for Article 1, Section 11 claims. *See Litchfield v. State*, 824 N.E.2d 356 (Ind. 2005) (explaining that issue is whether search or seizure was "reasonable," which turns on a balance of "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs"). We need not engage in that analysis, however. Turner's argument under Article 1, Section 11 focuses entirely on Officer Faulk's conduct *before* she walked to the Toyota and looked through the window. As discussed in relation to Turner's Fourth Amendment claim, while it is undisputed that Officer Faulk acted illegally before she went to the car—specifically, by handcuffing Turner—her discovery and seizure of the drugs was independent of and untainted by that illegality. Turner does not separately contend that Officer Faulk violated Article 1, Section 11 by looking into the car, opening the door, picking up the container, or removing the lid. Therefore, we

cannot say that the trial court erred by rejecting Turner's claim under the Indiana Constitution.

[15] Affirmed.

Baker, J., and Najam, J., concur.